**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

EDWARD WILLIAMS, #B80477,                )
                                          )
       **Plaintiff,**                   )
                                          )
   vs.                                    )    **Case No. 3:21-cv-00295-SMY**
                                          )
PEOPLE OF THE STATE OF ILLINOIS,          )
BERNADETTE A. SCHREMPP,                    )
ROBERT HAIDA, and                         )
DONN F. LOEOKER,                          )
                                          )
       **Defendants.**                  )

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Edward Williams, an inmate of the Illinois Department of Corrections ("IDOC"), filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights.  Plaintiff asserts claims related to state court criminal proceedings and seeks monetary damages and injunctive relief.  (Doc. 1).  This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A.  Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed.  28 U.S.C. § 1915A(b).

### Preliminary Dismissals

Plaintiff seeks monetary damages, release from IDOC custody, and expungement of the criminal conviction from his record.  The sole federal remedy for a state prisoner who is challenging the fact or duration of his physical confinement and seeking immediate or speedier release from imprisonment is a writ of habeas corpus.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Here, Plaintiff asserts claims under § 1983; as such, release from confinement is not an

available remedy.  Accordingly, the request for injunctive relief is dismissed.

"People of the State of Illinois" is not a proper defendant in a civil rights action. Under § 1983, a plaintiff "must show that the alleged [constitutional] deprivation was committed by *a person* acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (emphasis added). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989).  Thus, if Plaintiff's constitutional rights have been violated, he must pursue his claim against the individual(s) whose conduct caused the violation.  Therefore, People of the State of Illinois is dismissed as a party defendant.

### Discussion

Plaintiff's allegations arise out criminal proceedings in St. Clair County case no. 17-CV-195.  Plaintiff pled guilty and is currently serving a sentence in IDOC.  He alleges that during the criminal proceedings: State's Attorney Schrempp committed *Brady* violations, made false statements during hearings, and allowed witnesses to lie; Judge Haida lied during a hearing, failed to rule on his *pro se* motions, erred by not removing defense counsel for ineffective assistance of counsel, and "over sentenced" him; and Court Reporter Loeoker refused to send him all of the transcripts for free and delayed providing him transcripts.  He also suggests that there may be a speedy trial violation.

The State's Attorney, Judge, and Court Reporter may not be sued under § 1983 for their conduct in the criminal proceeding.  "Prosecutors are absolutely immune from liability for damages under § 1983 for conduct that is functionally prosecutorial; this immunity is understood to broadly cover all conduct associated with the judicial phase of the criminal process." *Bianchi v. McQueen*, 818 F.3d 309, 316 (7th Cir. 2016).  Likewise, judges are protected by absolute immunity from § 1983 suits for damages when they are sued for solely judicial acts.  *Mireles v. Waco*, 502

U.S. 9, 11-12 (1991).  The protection of judicial immunity is also extended to court reporters acting in the "discharge of their official responsibilities."  *Briscoe v. LaHue*, 663 F.2d 713, 722 (7th Cir. 1981).

Additionally, Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), in which the United States Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing the relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-87, 114 S.Ct. 2372.  Here, Plaintiff seeks to impugn the validity of his sentence, which still stands.  His claims are therefore *Heck*-barred.

The above-noted problems with the Complaint cannot be cured by permitting Plaintiff to amend.  *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013); *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994).  However, to the extent his claims may be pursued in a habeas case or other proceedings, the Complaint will be dismissed without prejudice.

## **Disposition**

Defendants People of the State of Illinois, Bernadette A. Schrempp, Robert Haida, and Donn F. Loeoker are **DISMISSED with prejudice** and the Clerk of Court is **DIRECTED** to **TERMINATE** them as parties.  The Complaint is **DISMISSED without prejudice** for failure to state a claim for relief and because it requests money damages from immune Defendants.  The dismissal counts as a "strike" under 28 U.S.C. § 1915(g).  The Clerk of the Court is **DIRECTED** to enter final judgment and to close this case.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment.  Fed. R. App. P. 4(a)(1)(A).  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  Fed. R. App. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

 If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If the appeal is found to be nonmeritorious, Plaintiff may incur a "strike."

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable.  28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED:  May 17, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

4